UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA M. SNYDER,

                Plaintiff,

                                                          DECISION AND ORDER
       v.                                               07-CV-0319A

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

## **INTRODUCTION**

Plaintiff Linda Snyder commenced the instant action pursuant to 42 U.S.C. § 405(g), on May 17, 2007, seeking review of a final determination of the defendant, Michael Astrue, the Commissioner of Social Security (the "Commissioner"), disallowing plaintiff's claim for disability insurance benefits under the Social Security Act. The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), on grounds that the Administrative Law Judge's (ALJ's) decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion and alleges that the ALJ's determination that she is not disabled is erroneous. Plaintiff claims to be disabled as a result of right foot disorder, back pain, and various mental impairments, including bipolar disorder, depression, and anxiety. For the reasons stated herein, the Court finds

that the plaintiff is not entitled to benefits because substantial evidence supports the ALJ's determination that she is not disabled within the meaning of the Social Security Act. Therefore, the ALJ's decision is affirmed.

**BACKGROUND**

On September 18, 2003, plaintiff Linda M. Snyder, applied for Supplemental Security Income ("SSI"). (R. 60-62).[1] The plaintiff graduated from high school, completed one year of college, and, at the time of the ALJ hearing, lived with her four children, ages two through twelve. (R. 80, 381). The plaintiff last worked as a certified nursing assistant until October 2002, at which time she stopped working because she became pregnant. (R. 75, 382). At the time of the hearing, the plaintiff spent her average day caring for her two year old child, doing laundry, cooking, and shopping with a rolling cart. (R. 389, 396-97). In her initial application, plaintiff alleged that she was disabled beginning October 1, 2002, alleging disability because of a large scar on the bottom of her foot, which made it painful to walk. (R. 74). Plaintiff later also alleged disability resulting from depression. (R. 86).

After her claim was denied on February 25, 2004, a hearing was held before ALJ William J. Reddy on September 14, 2005, at which the plaintiff was

---

[1] "R." refers to the administrative record filed by the Commissioner as part of her answer.

represented by counsel. (R. 50-53, 375-407). Plaintiff and James Phillips, an impartial vocational expert, appeared and testified at the hearing. Id. In a decision dated October 28, 2005, the ALJ found that although the plaintiff's right foot disorder and back disorder were severe impairments, she was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. (R. 28). Additionally, the ALJ found that her depression was not a severe impairment and that her allegations as to the severity of her symptoms and limitations in relation to her ability to perform basic work activities were not fully credible or supported by the evidence of record. (R. 28).

On November 30, 2005, plaintiff requested that the Appeals Council review the ALJ's decision. (R. 15-17). On March 26, 2007, the Appeals Council denied plaintiff's request for review and, thus, the ALJ's decision became the final decision of the Commissioner. (R. 6-8). Plaintiff then commenced this action on May 17, 2007. The Commissioner filed a motion for judgment on the pleadings on February 25, 2008, and the plaintiff filed her response to the motion on July 3, 2008.

## **DISCUSSION**

This Court has jurisdiction under 42 U.S.C. § 405 (g) to hear claims based on the denial of Social Security benefits. This Court may set aside the Commissioner's decision only if it is based upon legal error or his factual findings

3

are not supported by substantial evidence. See 42 U.S.C. § 405(g). The Supreme Court has defined the term "substantial evidence," in the context of a Social Security case, as "more than a mere scintilla" and evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

In order to establish disability under the Act, the plaintiff has the burden of demonstrating (1) that she was unable to engage in substantial gainful activity by reason of a physical or mental impairment that could have been expected to last for a continuous period of at least twelve months, and (2) that the existence of such impairment was demonstrated by evidence supported by medically acceptable clinical and laboratory techniques. See 42 U.S.C. § 1382c(a)(3); see also Barnhart v. Walton, 535 U.S. 212, 215 (2002). Moreover, eligibility for SSI based upon disability is conditioned upon compliance with the income and resource requirements of 42 U.S.C. §§ 1382a and 1382b.

The Commissioner has established a five-step sequential evaluation for the adjudication of disability claims:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a severe impairment that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the

> Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform her past relevant work. Finally, if the claimant is unable to perform her past relevant work, the Secretary determines whether the claimant is capable of performing any other work.

See Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); 20 C.F.R. § 416.920. The burden is on the claimant at the first four steps of the evaluation. Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986). If the claimant establishes that she is not capable of performing her past relevant work, then the burden shifts to the Commissioner who must then determine whether the claimant is capable of performing other work which exists in significant numbers in the national economy. Id.

The ALJ applied the five-step analysis in reaching his disability determination. At the first step, the ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. (R. 22). At the second step, the ALJ found that the plaintiff had severe impairments, which included a right foot disorder and a low back disorder. The ALJ found that the plaintiff's depression was not a severe impairment. Id. Therefore, the ALJ proceeded to step three of the sequential evaluation, and considered whether the plaintiff had an impairment, or combination of impairments, severe enough to meet or equal the criteria of one of any listed impairments that the Commissioner

presumes are so severe as to preclude substantial gainful activity. See 20 C.F.R. § 416.920(d),(e). These impairments are found in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that the plaintiff's severe impairments did not meet or equal the criteria contained under the Listing of Impairments (Listings) of 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 23).

The ALJ then considered the plaintiff's residual functional capacity (RFC) to determine whether she was capable of performing any of her past relevant work. 20 C.F.R. § 416.920(f). In making this determination, he relied on the testimony of vocational expert James Phillips. See 20 C.F.R. § 416.966(e). The ALJ determined that the plaintiff had the RFC to perform the physical exertion and non-exertional requirements of a range of light level work consisting of the ability to lift twenty pounds occasionally and ten pounds frequently, to stand and walk six out of eight hours, to sit six hours, to perform climbing, balancing, kneeling, bending, crouching, and crawling no more than occasionally, and to perform no pushing or pulling with the right lower extremity. (R. 27). The ALJ therefore determined that the plaintiff was not able to perform her past relevant work as a certified nursing assistant or quality control inspector and proceeded to step five of the sequential evaluation. Id.

At step five, the ALJ considered the plaintiff's RFC, as well as her age and education and, relying on the testimony of the vocational expert, determined that there was work in the national economy that she could perform. (R. 28). In

particular, the ALJ determined that the plaintiff could be employed in light, unskilled occupations such as inspector/packer, fruit cutter, and toy assembler. (R. 404). The vocational expert also opined that even if the plaintiff were reduced to sedentary exertional level work with the same non-exertional limitations, there would be no significant effect on the unskilled sedentary occupational base. (R. 405). The ALJ concluded that because the plaintiff could perform work which exists in significant numbers in the national economy, she failed to meet the standard for being deemed disabled under the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995); see 20 C.F.R. § 416.920(e).

I. **Commissioner Had Substantial Evidence To Determine That Plaintiff's Mental Impairments Were Not Severe**

The plaintiff first challenges the ALJ's determination that her mental impairments are not severe. An impairment is "severe" if it significantly limits a claimant's physical or mental capacity to perform basic work activities. 20 C.F.R. § 416.921 (a). The plaintiff contends that her depression is severe, as evidenced by her prescriptions to Buspar, Wellbutrin, Prozac, Ativan, Depakote, Effexor XR, and Zanax. Although the plaintiff was prescribed many narcotics, podiatric surgeon and treating physician Dr. Lee Billing wrote to her primary care physician

7

that she "keeps asking for narcotics as well as mentioning the fact the she should be on permanent supplemental security income, so I have my suspicions as to whether this is painful at all." (R. 246). Additionally, Dr. Billing spoke to a pharmacist who stated that plaintiff was a chronic abuser of controlled drugs. (R. 240).

The plaintiff did not initially allege disability as a result of mental impairment in her application for SSI. (R. 74). On February 24, 2004, the plaintiff was examined by Dr. Ransom, a consultative psychiatrist who diagnosed the plaintiff with Major Depressive Disorder. However, Dr. Ransom also found that the plaintiff was able to follow and understand simple instructions, perform simple rote tasks, maintain attention and concentration for tasks, consistently perform simple tasks, and learn simple new tasks. (R. 189). Plaintiff was also examined by Dr. George Burnett, a state agency review physician, on February 25, 2004. Like Dr. Ransom, Dr. Burnett opined that the plaintiff's depression and anxiety caused only mild symptoms and that she could perform simple, rote tasks in a low contact environment. (R. 212-14). As Dr. Burnett is a state agency review physician, he is an expert in the Social Security disability program and his findings are entitled to consideration. 20 C.F.R. § 416.927(f)(2). As the medical evidence shows that the plaintiff's depression, anxiety, and possible bipolar disorder would not preclude her from performing basic mental work activities, the ALJ properly concluded that she did not have a severe mental impairment.

The plaintiff claims that even if her mental impairments are not severe, the ALJ failed to consider the combined effect of her mental impairments with her severe impairments of right foot disorder and a low back disorder. At step three, the ALJ found that the plaintiff's severe impairments did not meet or equal the criteria of an impairment in the listed Listings. (R. 23). The ALJ then determined that plaintiff had the RFC to perform the physical exertion and non-exertional requirements of a range of light level work consisting of the ability to lift twenty pounds occasionally and ten pounds frequently, to stand and walk six out of eight hours, to sit six hours, to perform climbing, balancing, kneeling, bending, crouching, and crawling no more than occasionally, and to perform no pushing or pulling with the right lower extremity. (R. 27).

According to 20 C.F.R. § 404.1523:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

The plaintiff asks that this case be remanded so that the Commissioner can properly factor the plaintiff's mental health impairments into

9

consideration of her RFC. However, the ALJ factored the plaintiff's mental impairments into his consideration of her RFC. In his decision, the ALJ wrote that, according to the vocational expert's testimony, "even if the claimant were reduced to sedentary exertional level work with the same non-exertional limitations, there would be no significant effect on the unskilled sedentary occupational base." (R. 28).

Because substantial evidence supports the ALJ's determination that the plaintiff's mental impairments are not severe, and because in determining her RFC the ALJ considered the combined effect of all of the plaintiff's impairments - including her non-severe mental impairments - the Court finds no error in the ALJ's conclusion.

## II. Commissioner Properly Evaluated Plaintiff's Credibility

The plaintiff next argues that the ALJ erred in finding her not fully credible. As a fact-finder, the ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence. Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d. Cir. 1997). Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable. Id.

According to the plaintiff, the ALJ dismissed the assertion that the plaintiff had a severe mental health impairment largely because the plaintiff had not been treated by a psychiatrist for her conditions. Additionally, the plaintiff claims that the objective medical findings support the plaintiff's allegations of symptoms because she had been treated for depression for the majority of the time since March 2001.

The ALJ properly determined that the plaintiff was not fully credible, citing that she maintains and makes use of a driver's license, does household chores throughout the day, and was not compliant with prescribed treatment, all while complaining about pain from walking. (R. 379-389). Additionally, the plaintiff has been less than fully truthful with doctors, such as falsely telling Dr. Smith that she was discharged from Dr. Billing's care because her insurance would not pay for additional visits. (R. 299). The plaintiff has admitted that she did not want to be healed because she was seeking SSI benefits, refused the suggestion of Dr. Billing to get physical therapy and steroid injections, and refused the suggestion of Dr. Canzoneri to get orthotics. (R. 159, 231, 234, 243, 354). Dr. Billing observed the plaintiff pushing two carts filled with food through a grocery store while fully bearing weight with no limp and no crutches after complaining about problems walking and opined that the "[plaintiff] was obviously feigning symptoms to get narcotics." (R. 231). The Commissioner has the discretion to evaluate the credibility of a claimant's testimony and render an independent

11

judgment in light of the medical findings and other evidence regarding the true extent of such symptomatology. Mimms v. Secretary of Health and Human Services, 750 F.2d 180, 186 (2d Cir. 1984). Moreover, the credibility of the testimony of a claimant is a matter within the sole province of the Commissioner, as trier of fact, to determine. Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983); see also Gernavage v. Shalala, 882 F. Supp. 1413, 1419 n.6 (S.D.N.Y. 1995)(citations omitted) (deference should be accorded ALJ's determination because he heard plaintiff's testimony and observed plaintiff's demeanor). In light of the plaintiff's failure to comply with treatment, her failure to be truthful with her treating sources, and evidence indicating that she could perform daily activities such as performing household chores, the ALJ's credibility determination is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: July 14, 2009